IN THE NEBRASKA COURT OF APPEALS

**MEMORANDUM OPINION AND JUDGMENT ON APPEAL**
**(Memorandum Web Opinion)**

STATE V. RICE

NOTICE: THIS OPINION IS NOT DESIGNATED FOR PERMANENT PUBLICATION
AND MAY NOT BE CITED EXCEPT AS PROVIDED BY NEB. CT. R. APP. P. § 2-102(E).

STATE OF NEBRASKA, APPELLEE,

V.

CYNTHIA A. RICE, APPELLANT.

Filed May 5, 2026.    No. A-25-677.

Appeal from the District Court for Jefferson County: DAVID J. A. BARGEN, Judge. Affirmed.

Tad D. Eickman for appellant.

Michael T. Hilgers, Attorney General, and Jacob M. Waggoner for appellee.

RIEDMANN, Chief Judge, and PIRTLE and FREEMAN, Judges.

FREEMAN, Judge.

## I. INTRODUCTION

Cynthia A. Rice appeals from her plea-based conviction for possession of a controlled substance. She assigns that the district court imposed an excessive sentence and that her trial counsel was ineffective. For the reasons set forth herein, we affirm.

## II. BACKGROUND

Rice was originally charged with possession of a controlled substance, a Class IV felony, and possession of drug paraphernalia, an infraction. Pursuant to a global plea agreement, Rice pled guilty to an amended information that charged her with only possession of a controlled substance, a Class IV felony.

- 1 -

The State provided a factual basis, which set forth that on August 22, 2024, deputies with the Jefferson County sheriff's office executed a search warrant at a residence. At that residence, deputies encountered Rice in the living room among several other individuals. Rice occupied a bedroom in the residence, where deputies found a bag believed to be methamphetamine. Subsequent testing revealed that it was methamphetamine in a measurable amount. Rice was arrested.

At the sentencing hearing, during allocution, the court stated:

I have read and reviewed the presentence investigation. I have considered the comments of counsel, and I have considered the relevant factors, including [Rice's] age, mentality, education and experience, social and cultural background, past criminal record or record of law-abiding conduct, and motivation for the offense, as well as the nature of the offense.

Having considered that information and having regard for the nature and circumstances of the crimes and [Rice's] history, character and condition, I find [Rice] is not a fit candidate for probation and imprisonment is necessary for the protection of the public because the risk is substantial that during a period of probation, [Rice] would engage in additional criminal conduct and a lesser sentence would depreciate the seriousness of the crime and promote disrespect for the law.

In addition, probation would not be appropriate in this case because [Rice] has not led a law-abiding life for a substantial period of time prior to this offense. The Court cannot find that the circumstances are unlikely to occur. The risk is substantial that during a period of probation, [Rice] would engage in additional criminal conduct, and [Rice] is in need of correctional treatment that can be provided most effectively by commitment to a correctional facility.

The district court sentenced Rice to 1½ years' imprisonment and awarded 7 days' credit for time previously served.

Rice has timely appealed and is represented by new counsel.

## III. ASSIGNMENTS OF ERROR

Rice assigns as error that (1) the district court imposed an excessive sentence and (2) her trial counsel was ineffective for (a) failing to fully review the presentence investigation report (PSR) with her and (b) failing to object to the State's violation of the plea agreement at sentencing.

## IV. STANDARD OF REVIEW

An appellate court will not disturb a sentence imposed within the statutory limits absent an abuse of discretion by the trial court. *State v. Lopez*, 321 Neb. 118, 32 N.W.3d 868 (2026). An abuse of discretion takes place when the sentencing court's reasons or rulings are clearly untenable and unfairly deprive a litigant of a substantial right and a just result. *Id*.

Whether a claim of ineffective assistance of counsel may be determined on direct appeal is a question of law. *Id.* In reviewing claims of ineffective assistance of counsel on direct appeal, an appellate court decides only whether the undisputed facts contained within the record are sufficient to conclusively determine whether counsel did or did not provide effective assistance. *Id*.

- 2 -

## V. ANALYSIS

### 1. EXCESSIVE SENTENCE

Rice first assigns as error that the district court abused its discretion in imposing an excessive sentence. More specifically, she argues that the court did not properly consider her background, including her age, health, rehabilitative needs, life circumstances, and willingness to enter a plea. Rice maintains that she should have received a sentence of probation rather than incarceration. We find no abuse of discretion.

Rice was convicted of possession of a controlled substance, a Class IV felony. See Neb. Rev. Stat. § 28-105 (Cum. Supp. 2024). Her sentence of 1½ years' imprisonment is within the statutory sentencing range for a Class IV felony, which is punishable by a minimum of no imprisonment and a maximum of 2 years' imprisonment and 12 months' post-release supervision or $10,000 fine, or both. See § 28-105.

It is well established that an appellate court will not disturb sentences within the statutory limits unless the district court abused its discretion in establishing the sentences. See *State v. Morton*, 310 Neb. 355, 966 N.W.2d 57 (2021). Where a sentence imposed within the statutory limits is alleged on appeal to be excessive, the appellate court must determine whether a sentencing court abused its discretion in considering and applying the relevant factors and applicable legal principles. *State v. Lopez*, 321 Neb. 118, 32 N.W.3d 868 (2026).

When imposing a sentence, a sentencing judge should consider the defendant's (1) age, (2) mentality, (3) education and experience, (4) social and cultural background, (5) past criminal record or record of law-abiding conduct, and (6) motivation for the offense, as well as (7) the nature of the offense and (8) the amount of violence involved in the commission of the crime. *Id*. While these factors should instruct a sentencing court, they do not comprise a mathematical formula that must be rigidly implemented. See *id*. A sentence should be tailored and based on factors that fit the offender and not merely the crime. See *id*. The appropriateness of a sentence is necessarily a subjective judgment that includes the sentencing judge's observation of the defendant's demeanor and attitude and of all the facts and circumstances surrounding the defendant's life. *Id*.

At the time of sentencing, Rice was 47 years old and married with no dependents. She graduated from high school and was employed part-time prior to her arrest. She was found to be a very high risk to reoffend. Rice had prior convictions for possession of a controlled substance, attempted possession of a controlled substance, possession of paraphernalia, no proof of insurance, no license on person, failure to display proper number on plates, and driving under suspension. Rice received a global plea agreement encompassing the present case wherein the State agreed to dismiss the charge of possession of drug paraphernalia and two other pending cases and recommend probation.

When sentencing Rice, the district court stated it had considered the information in the PSR and the legally required factors when determining the sentence. The court stated that having regard for the nature and circumstances of the crime, and Rice's history, character, and condition, it believed imprisonment was necessary. The court emphasized that probation would not be appropriate in this case, given that Rice has not led a law abiding life for a substantial period of time and would likely engage in additional criminal conduct.

To the extent that Rice contends that the district court did not properly consider various factors in imposing her sentence, the district court stated that it reviewed the PSR, which included information concerning all the factors to be considered by a sentencing court. See *State v. Greer*, 309 Neb. 667, 962 N.W.2d 217 (2021). Further, a sentencing court is not required to articulate on the record that it has considered each sentencing factor, nor to make specific findings as to the facts pertaining to the factors or the weight given them. *Id*.

Rice's contention that the district court failed to properly weigh the relevant factors related to sentencing is merely a request for this court to conduct its own de novo review of those factors. It is not the proper function of an appellate court to conduct a de novo review of the record to determine what sentence it would impose. *State v. Hagens*, 320 Neb. 65, 26 N.W.3d 174 (2025).

The sentence imposed is within the statutory sentencing range, and the court's comments at sentencing reflect it did not consider any inappropriate factors or ignore mitigating factors when determining Rice's sentence. Accordingly, the district court did not abuse its discretion, so this assignment of error fails.

## 2. INEFFECTIVE ASSISTANCE OF COUNSEL

Rice next assigns that her trial counsel was ineffective for (a) failing to fully review the PSR with her and (b) failing to object to the State's violation of the plea agreement at sentencing.

When a defendant's trial counsel is different from counsel on direct appeal, the defendant must raise on direct appeal any issue of trial counsel's ineffective performance which is known to the defendant or is apparent from the record, or else the claim will be procedurally barred. See *State v. Lopez*, 321 Neb. 118, 32 N.W.3d 868 (2026). To sufficiently allege deficient performance, the allegations must include a "description of the specific conduct alleged to constitute deficient performance." *Id*. at 149, 32 N.W.3d at 893 (quoting *State v. Rupp*, 320 Neb. 502, 28 N.W.3d 74 (2025)). The description of deficient performance must be particular enough to (1) allow an appellate court to determine whether the claim can be decided upon the trial record and (2) allow a district court reviewing a later postconviction motion to recognize whether the claim was raised on direct appeal. *State v. Lopez, supra*.

Once raised, an appellate court will determine whether the record on appeal is sufficient to review the merits of the ineffective performance claims. See *State v. Rupp, supra*. The record on appeal is sufficient if it establishes either that trial counsel's performance was not deficient, that the appellant will not be able to establish prejudice as a matter of law, or that trial counsel's actions could not be justified as a part of any plausible trial strategy. *State v. Vazquez*, 319 Neb. 192, 21 N.W.3d 615 (2025).

To prevail on a claim of ineffective assistance of counsel under *Strickland v. Washington*, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984), the defendant must show that his or her counsel's performance was deficient, and that this deficient performance actually prejudiced the defendant's defense. See *State v. Lopez, supra*. To show deficient performance, the defendant must show that counsel's performance did not equal that of a lawyer with ordinary training and skill in criminal law. *Id*. In a plea context, deficiency depends on whether counsel's advice was within the range of competence demanded of attorneys in criminal cases. *State v. Blaha*, 303 Neb. 415, 929 N.W.2d 494 (2019). There is a strong presumption that counsel acted reasonably, and an appellate court will not second-guess reasonable strategic decisions. See *State v. Lopez, supra*.

When a conviction is based upon a guilty or no contest plea, the prejudice requirement for an ineffective assistance of counsel claim is satisfied if the defendant shows a reasonable probability that but for the errors of counsel, the defendant would have insisted on going to trial rather than pleading guilty. *State v. Blaha, supra*. A court may examine performance and prejudice in any order and need not examine both prongs if a defendant fails to demonstrate either. See *State v. Keadle*, 320 Neb. 583, 28 N.W.3d 524 (2025).

In *State v. Rupp*, 320 Neb. 502, 523, 28 N.W.3d 74, 89 (2025), the Nebraska Supreme Court clarified the necessary specificity when alleging an ineffective assistance of counsel claim on direct appeal:

> We hold that the assignment of error must, standing alone, permit an appellate court to determine if the claim can be decided upon the trial record and also permit a district court to later recognize that the claim was raised on direct appeal. This requires a description of the specific conduct alleged to constitute deficient performance. The argument section of the brief is to elaborate on these claims by discussing legal authority and its application to the trial record, not to set forth, for the first time, what the allegedly deficient act was.

(a) Failure to Review PSR With Rice

Rice assigns that her "trial counsel was ineffective for failing to review the [PSR] fully with [her]." Brief for appellant at 13. We decline to review this claim as it is insufficiently argued.

In every appeal in Nebraska, an alleged error must be both specifically assigned and specifically argued in the brief of the party asserting the error to be considered by an appellate court. *State v. Lopez*, 321 Neb. 118, 32 N.W.3d 868 (2026). Here, Rice presents no argument regarding her assigned error. Rather she merely restates that her trial counsel "failed to review the [PSR] with her and assured her she would get a sentence of probation." Brief for appellant at 15. An argument that does little more than restate an assignment of error does not support the assignment, and an appellate court will not address it. *State v. Kruger*, 320 Neb. 361, 27 N.W.3d 398 (2025).

Furthermore, in her brief, Rice broadly asserts that her trial counsel was ineffective in several ways. However, Rice maintains that "the record is insufficient on direct appeal to review some of her claims of ineffective assistance of counsel, specifically her first trial counsel's failure to meet with [her] to discuss the deposition of State's witnesses with [her]." Brief for appellant at 14.

To raise an ineffective assistance of counsel claim on direct appeal, Rice must specifically assign the conduct that she claims constitutes deficient performance. See *State v. Miranda*, 313 Neb. 358, 984 N.W.2d 261 (2023). Rice neglects to identify in her assigned error any reference to a failure to discuss a deposition. As previously mentioned, an error must be specifically assigned. See *State v. Lopez, supra*. Rice fails to meet this threshold.

Because Rice has failed to specifically argue that counsel failed to review the PSR and did not assign counsel's failure to discuss a deposition, we decline further review.

## (b) Failure to Object

Rice also assigns that her counsel "fail[ed] to object to the State's violation of the plea agreement at sentencing." Brief for appellant at 15.

Rice's claim does not identify the State's actions which allegedly breached the plea agreement. The Supreme Court has long held that a generalized and vague assignment of error that does not advise an appellate court of the issue submitted for decision will not be considered. See *State v. Rupp*, 320 Neb. 502, 28 N.W.3d 74 (2025). An assignment is specific when it addresses a specific issue that does not require additional information to understand precisely what the assignment attacks. See *id*.

Despite Rice's limited specificity in her assigned error, we can determine on this record that her claim fails. The Supreme Court enforces only those terms and conditions actually agreed upon by the parties to a plea agreement. See *State v. Iddings*, 304 Neb. 759, 936 N.W.2d 747 (2020). A party breaches a plea agreement either by (1) violating an express term of the agreement or (2) acting in a manner not specifically prohibited by the agreement but still incompatible with explicit promises made therein. *Id*. On this latter means of breaching an express provision of a plea agreement, the State must not "effectively undermine the promised recommendation." *Id*. at 768, 936 N.W.2d at 756 (quoting *State v. Landera*, 285 Neb. 243, 826 N.W.2d 570 (2013)). When a defendant establishes that a plea agreement has been breached, available remedies include (1) ordering specific performance of the agreement or (2) allowing withdrawal of the plea. *State v. Lara*, 315 Neb. 856, 2 N.W.3d 1 (2024).

Here, the State agreed to recommend probation in the written plea agreement. At Rice's plea hearing, the State recited the terms of the plea agreement and expressed that it would not oppose probation. The district court advised that it was not bound by any sentencing recommendation, and Rice acknowledged that advisement. At the time of sentencing, the court received the PSR which reflects the terms of the plea agreement, including the State's agreement to join Rice in recommending probation. The State acknowledged on the record its submission to the court based on the recommendations contained in the PSR. Based on record before us, nothing in the State's conduct breached its agreement.

The Supreme Court has found that it is not ineffective for trial counsel to "fail" to make a meritless claim. See *State v. Swartz*, 318 Neb. 553, 572, 17 N.W.3d 174, 188 (2025). Accordingly, Rice's counsel was not ineffective for failing to object to the State's conduct, and this claim is not preserved for postconviction review.

Rice further assigns that "the State violated the terms of [her] plea agreement." Brief of appellant at 15. She argues that the district court sentenced her to a term of imprisonment despite the recommendation of probation in the PSR. However, Rice failed to preserve this issue for appellate review.

The failure to make a timely objection waives the right to assert prejudicial error on appeal. *State v. Childs*, 309 Neb. 427, 960 N.W.2d 585 (2021). At the sentencing hearing, Rice's counsel did not object to the State's failure to follow the terms of the plea agreement. Consequently, she cannot now assign error on appeal. As discussed above, Rice attempts to avoid waiver by claiming that counsel was ineffective for failing to object at sentencing. We have already considered and rejected the claim. Rice's assignment fails.

## VI. CONCLUSION

We conclude that the district court did not abuse its discretion in sentencing Rice to 1½ years' imprisonment and Rice's trial counsel was not ineffective.

AFFIRMED.